IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:17-CR-573-D(4) |
| | § | |
| KELLIE LEA LOCKE, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Defendant Kellie Lea Locke's ("Locke's") April 19, 2021 motion for hardship credit for hard time served is denied.*

After a defendant is sentenced, "the Attorney General, through the [Bureau of Prisons ("BOP")], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")). In this capacity, the BOP has the authority to award prisoners good time credit for good behavior. *See* 18 U.S.C. § 3624(b). The BOP, not the courts, is responsible for computing sentence credit awards. *See, e.g., United States v. Setser*, 607 F.3d 128, 132-33 (5th Cir. 2010); *Vega v. Bergami*, 2020 WL 3686141, at *4 (W.D. Tex. July 6, 2020) ("[T]he [BOP]—not the judiciary—is responsible for implementing the statutes concerning the computation of a federal sentence.").

---

*It does not appear that Locke is seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). If she later seeks such relief, the court will address her request under its usual procedures.

Using a fill-in-the-blanks motion form, Locke moves for 2 days of credit for each 365 days of alleged hardship time she has served at the Federal Correctional Institution in Aliceville, Alabama ("FCI-Aliceville"). Locke maintains that she is entitled to this relief because of alleged unconstitutional conditions of confinement at FCI-Aliceville resulting from the COVID-19 pandemic.

Locke has failed to allege any statutory or constitutional basis that authorizes this court to award the double credit she requests. *See, e.g.*, *United States v. Hargrave*, No. 6:14-CR-00203-05, order at 3 (W.D. La. Feb. 23, 2017) ("there is no provision, statutory or jurisprudential, which would allow this Court to grant [the defendant] double credit for her time spent at [Iberia Parish Jail]."). To the extent Locke seeks to challenge the constitutionality of her conditions of confinement at FCI-Aliceville in a civil rights action, or to challenge the BOP's computation of credit awards in a habeas action, this court lacks jurisdiction to consider such challenges; they must be brought in the district court of the judicial district where Locke is currently confined, in this case, the United States District Court for the Northern District of Alabama, Western Division. *See* 28 U.S.C. § 1391(b); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("the district of incarceration is the only district that has jurisdiction to entertain a defendant's [28 U.S.C.] § 2241 petition.").

Accordingly, for the reasons explained, Locke's motion for hardship credit for hard time served is denied.

**SO ORDERED**.

April 27, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE